VAN DEUSEN et al. v. CRISPELL.

(Supreme Court, Appellate Division, Third Department. June 27, 1906.)

1. PARTNERSHIP—ACTS OF PARTNER—ADVERSE INTERESTS—BURDEN OF PROOF.
Where defendant, as managing partner of a wholesale drug firm which also operated a retail establishment, sold goods to another retail firm in which he was interested, the burden was on him, in a proceeding to dissolve the wholesale concern, to prove that he obtained the best price obtainable for the goods sold to his retail firm, and that he did not use his connection with the wholesale concern at its expense to benefit his other business.

2. SAME—PROFITS OF PARTNER IN OTHER BUSINESS.
Defendant purchased a fourth interest in a wholesale drug house for $2,200, and became its managing partner. Shortly thereafter he started a retail drug business with another in the same city, and sold goods of the wholesale concern to his retail firm at a gross profit of 10 per cent., which was insufficient to pay the expense of running the wholesale business, and the books remaining after the destruction of the store in which the wholesale business was conducted by fire did not show that defendant obtained the best price for the goods so sold. Held, that defendant, in an action for an accounting on the dissolution of the wholesale concern, was properly charged with the profits received by him from his retail business, with interest, less his contribution to the capital of the wholesale concern, and interest thereon, etc.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Partnership, § 154.]

Appeal from Special Term.

Action by Mary Westbrook Van Deusen and others against Henry S. Crispell. From a judgment for plaintiffs, defendant appeals. Affirmed.

Prior to February, 1894, the firm of Van Deusen Bros. was carrying on a wholesale and retail store for the sale of drugs, medicines, paints, oils, and things usually sold by druggists at the city of Kingston, N. Y. At that time the defendant, Crispell having bought a one-fourth interest in

said firm, formed a copartnership with the plaintiffs, the owners of the other three-fourths, continuing the business under the name of Van Deusen Bros., by the terms of which he was to be the active business member of the firm, to give his whole time, talent, and ability to the business of the firm, and do all in his power to promote its prosperity and insure its success, in consideration of which he was to receive from the firm $120 a month as a salary, the partnership to continue for three years. On the 23d day of January, 1897, the agreement was renewed for three years more on like terms, except defendant's salary was fixed at $125 a month; and after the expiration of the second three years the business continued as before until April 13, 1901, when the store and the principal part of its contents were destroyed by fire. On the 1st day of November, 1895, the defendant and one Boughton purchased a retail drug store in the said city about a mile or a mile and a quarter from the store of Van Deusen Bros., and formed a partnership for carrying on a retail business therein, under the name of Crispell & Boughton, each partner contributing $2,200 to the capital stock, and sharing equally in the profits. The partnership agreement provided that said Crispell was not required to take any active part in the management of the business, the said Boughton to contribute his entire time and talent and business energy in conducting the partnership business; in consideration of a salary of $12, which was afterwards increased to $15, per week, and since that time the latter partnership has continued, and from time to time has bought from Van Deusen Bros. such drugs and medicines as it required in its business and was able to purchase from them. At the time of the formation of Crispell & Boughton the plaintiffs saw the notice of the formation of the partnership in the newspaper, and the defendant spoke to them about it, and said he thought it would be a good thing for Van Deusen Bros. The plaintiffs were both unfamiliar with business, took no active part in the business, and were not familiar with it. For the first three years a business man had a power of attorney from them to transact their other business, and to have charge of their interests in Van Deusen Bros. He also told the plaintiffs that he thought the new firm would be a benefit to Van Deusen Bros. It does not appear that they had any other knowledge or information as to how the business of the latter firm was carried on, or the profits thereof, or its relations with Van Deusen Bros. In this action to dissolve the firm of Van Deusen Bros. the referee has found that the defendant received net profits from the firm of Crispell & Boughton, up to the time of the fire, amounting to $4,003.68, and has determined that the defendant is indebted to the firm of Van Deusen Bros. in that amount, with interest thereon. The appeal from that part of the judgment is the question now here.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Bernard & Van Wagonen (V. B. Van Wagonen, of counsel), for appellant.

John G. Van Etten, for respondents.

KELLOGG, J.   When the defendant, the managing partner in Van Deusen Bros., owning a one-fourth interest therein, became the senior partner in Crispell & Boughton, owning a one-half interest, both firms being in the same city, and each engaged in carrying on a retail drug business, he assumed the burden of proving that the former firm was not injured by his relations and its relations with the latter firm. He, as representing the former firm, sold to himself, as representing the latter firm, the principal part of the merchandise sold by the latter. Did he obtain the best price for the goods sold, or did his greater pecuniary interest in Crispell & Boughton lead him to buy cheaply? Most of the books were destroyed by the fire. As to the few matters which may be gathered from the remaining books, it is a fair inference that he did pur-

chase cheaply. The evidence of the defendant and his present clerk is principally relied upon as tending to show that the plaintiffs' firm suffered no injury. The defendant says he directed that the sales to Crispell & Boughton be 10 per cent. above the cost price, and then states that that 10 per cent. is not the net profit going to the partners of Van Deusen Bros., for the reason that the expenses of rents, salaries, and for carrying on the business must be ascertained, and a proper portion deducted. It appears that the expense account for one year was $18,-352.21, and 10 per cent. of the total sale of Van Deusen Bros. was $12,459.48, and in answer to this question, "And so when you sold goods to Crispell & Boughton at ten per cent. gross profit that year you actually sustained a loss?" the defendant answered "Yes." The explanation given by the defendant and his clerk of the discrepancy between the price at which certain articles were sold to Crispell & Boughton and to other dealers at a larger price is not satisfactory, and it is reasonably apparent that Van Deusen Bros. did not get the same price from Crispell & Boughton that they obtained from other customers, and that the latter firm realized a profit by the defendant's being the purchasing agent of one firm and the selling agent of the other. The defendant, in explaining the larger price paid by one dealer over that paid by Crispell & Boughton, said that that firm did not like it because Van Deusen Bros. had a retail department, and in that way competed. We cannot say how other dealers felt, or how much trade Van Deusen Bros. lost from the fact that its managing partner was the senior partner in a firm organized and carried on solely for conducting a retail business.

The defendant, in his amended verified answer, contends that while he formed the partnership with Boughton it was his mother's money, that the business was for her benefit, and that he was only nominally the partner, having no interest therein. He offers no evidence upon that subject, but his evidence shows that he was the partner. In the absence of the books, the dealings between the two firms, and how much Crispell & Boughton profited by its relations with Van Deusen Bros., or how much the latter firm lost on account of the business of the second firm, rests entirely upon the credit to be given to the defendant and his witnesses. They are interested, and their evidence is not entirely convincing. The finding of the referee is sustained by the evidence, and his conclusions are right.

An oversight was committed on the trial to the prejudice of the defendant. While he is charged with the profits received from Crispell & Boughton, and the interest thereon, no credit was given to him for the cash he had contributed to the capital of that firm. He contributed $2,200, and the interest thereon of $132 per year should be credited each year against the amount of profits he is charged with, and interest against him should be computed upon that balance. The judgment should be modified in that respect, and, as so modified, affirmed, without costs. All concur.